UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REX ALLEN CARPENTER, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-00997 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| CORRECTION CARE SOLUTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action under 42 U.S.C. § 1983 against Correction Care Solutions and Montgomery County, alleging that he was overmedicated while incarcerated and suffered severe complications as a result of the overmedication. (Docket No. 1). The plaintiff alleges that the defendants' failure to provide him with appropriate medical treatment violated his civil rights. He seeks compensatory damages and asks to be moved to a "Sober Living Rehabilitation Facility."

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.     Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants

1

dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II. Factual Allegations

The plaintiff alleges that he has been incarcerated at the Montgomery County Jail since October 28, 2011. Upon his arrival, the plaintiff told a jail nurse that he was a patient at Cornerstone and was taking three prescription medications at the time.

The plaintiff alleges that he was placed in a medical unit and prescribed too much medication. After a few days, the plaintiff noticed that he was not eating or using the bathroom, and was sleeping sixteen hours a day. The plaintiff notified the defendants that he believed he was taking too much medication. The nurse told the plaintiff that he was taking the correct amount of medication.

The plaintiff then was relocated to a twenty-two hour a day lock-down unit. There, the plaintiff's medications continued and his symptoms worsened. In addition to losing his ability to eat, he slept "all the time," could not write, could not dial the telephone, and could not remember the President's name or what year it was. (Docket No. 1 at p. 5). The plaintiff alleges that he was

unable to stand, suffered from extreme mood swings and hallucinations, and experienced near-constant urination.

After weeks of these and other symptoms, the plaintiff "was rushed to the jail doctor." (*Id.* at p. 6). The plaintiff was tested by the jail doctor who then sent the plaintiff to the Gateway Hospital for a CAT scan. When the plaintiff returned to the jail, the "psych doctor" told the plaintiff that the plaintiff had been taking too many medications and prescribed only one of the original medications for the plaintiff at that time. (*Id.*)

The plaintiff alleges that, as a result of his forced overmedication by the defendants over a period of weeks, he now suffers from twitching, migraine headaches, tremors, weight loss, and fainting. In addition, even though the plaintiff now suffers from cancer, he alleges that he is afraid to seek medical attention from the defendants as he fears he will not receive proper medical care.

### III.  Section 1983 Standard

The plaintiff alleges claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV.  Analysis

First, the plaintiff has sued Montgomery Country, Tennessee. Although a municipality may be a "person" subject to suit under § 1983, it is well established that § 1983 claims against a

3

municipality cannot be based on a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Instead, a plaintiff must show that the city or county "maintained a policy or custom that caused the violation" of the plaintiff's rights. *Harvey v. Campbell County, Tenn.*, 453 F. App'x 557, 562 (6th Cir. 2011). "One way to prove an unlawful policy or custom is to show a policy of inadequate training or supervision." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)).

The plaintiff here has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Montgomery County. Consequently, the plaintiff has failed to state a claim against Montgomery County.

The plaintiff also alleges § 1983 claims against Correction Care Solutions. By "Correction Care Solutions," the plaintiff appears to refer to Correct Care Solutions, Inc. (CCS), the employer of those individuals providing medical care to prisoners incarcerated at the Montgomery County Jail. CCS is subject to suit under § 1983 as the entity to which the obligation to provide medical care to individuals in state custody has been contracted delegated. *West v. Atkins*, 487 U.S. 42, 56 (1988). However, the plaintiff can not sue CCS solely because of its status as a supervisor or employer of alleged tortfeasors. Section 1983 will not support a claim posed on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action against that defendant upon which relief can be granted. *See Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983).

Here, the plaintiff's allegations against CCS, construed very broadly, reasonably give rise

to an inference that CCS itself has a custom or policy of overmedicating inmates such as the plaintiff, and that the entity itself authorized, approved, or knowingly acquiesced in the decision to prescribe certain medications to the plaintiff and to continue those medications even after the plaintiff expressed serious concern about his medications, dosages, and symptoms. Thus, the allegations in the complaint reasonably give rise to an inference that CCS actively engaged in the behavior about which the plaintiff complains. Accordingly, the court finds that the plaintiff's § 1983 claim against CCS withstands the court's initial screening.

**V.      Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against Montgomery Count. 28 U.S.C. § 1915A. Thus, the plaintiff's claims against that defendant will be dismissed. However, as to the plaintiff's claims against Correct Care Solutions, the court finds that the complaint states an actionable claim under Section 1983.

An appropriate Order will be entered.

*(signature: Kevin H. Sharp)*
Kevin H. Sharp
United States District Judge