IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| REX ALLEN CARPENTER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:12-CV-00997 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharp/Bryant |
| | ) | |
| CORRECT CARE SOLUTIONS, | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the
case including recommendation for ruling on any dispositive motions (Docket Entry No. 4). On
November 27, 2012, Defendant Correct Care Solutions, LLC, (hereinafter "CCS") filed a motion
for summary judgment (Docket Entry No. 10). Plaintiff Rex Allen Carpenter, II, has not
responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that
defendant's motion for summary judgment be granted and the complaint dismissed.

## Statement of the Case

Plaintiff Rex Allen Carpenter, II, a prisoner proceeding *pro se* and *in forma pauperis*,
filed a complaint on September 27, 2012, under 42 U.S.C. § 1983 alleging his civil rights were

1

violated while incarcerated in Montgomery County Jail in Clarksville, Tennessee (Docket Entry No. 1). The plaintiff alleges that he was overmedicated and suffered from severe medical issues as a result (*Id.*). The plaintiff initially brought claims against CCS and Montgomery County, but the claims against Montgomery County were dismissed under 28 U.S.C. § 1915A for failure to state a claim (Docket Entry No. 3). CCS filed a motion for summary judgment on November 27, 2012, under Federal Rule of Civil Procedure 56 (Docket Entry No. 12). The plaintiff has not filed a response.

## Statement of the Facts

The following facts, contained in plaintiff's complaint, are presumed to be true for the purposes of ruling on the defendant's motion for summary judgment.

The plaintiff arrived at Montgomery County Jail on October 28, 2011 (Docket Entry No. 1, p. 5). The plaintiff informed a jail nurse he was taking three medications (*Id.*). The plaintiff was placed in the medical unit and was given medication two to three times each day (*Id.*). The plaintiff informed the staff he was receiving too much medication, but a nurse told the plaintiff he was receiving the correct amount (*Id.*). After a few days, the plaintiff realized he was not eating or using the bathroom and was sleeping sixteen hours a day (*Id.*). The plaintiff's symptoms worsened when he was relocated to a twenty-two hour a day lock-down unit (*Id.*). The plaintiff could not write, use a telephone or take a shower (*Id.*). The plaintiff experienced extreme mood swings and hallucinations (*Id.* at 6).

A few weeks later, the plaintiff was "rushed" to a jail doctor and then to Gateway Hospital for a CAT scan, which was negative (*Id.*). When the plaintiff returned to jail, he was taken off all but one medication and began feeling better (*Id.*). A few days later, a psychology doctor at the jail told the plaintiff he was receiving too many medications (*Id.*). The plaintiff

2

now twitches frequently, experiences black outs and suffers from migraines (*Id.*).  Although the

plaintiff suffers from cancer, he is afraid to seek medical help from the medical staff at the jail

(*Id.*).  The plaintiff is aware of two deaths at the hospital from lack of medical care.  (*Id.*).

In response, CCS stated that it provides "appropriate medications" only when ordered by

a physician (Docket Entry No. 12).

## Standard of Review

To prevail on a motion for summary judgment, the movant must demonstrate that "there

is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is material if it "might affect the

outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant

always must demonstrate the absence of a material factual dispute, "regardless if an adverse

party fails to respond."  *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).  However, the non-

moving party cannot simply "rest on its pleadings but must present some 'specific facts showing

that there is a genuine issue for trial.'"  *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993)

(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  To defeat a motion for summary

judgment, "the non-moving party must present evidence upon which a reasonable jury could find

in her favor."  *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012).

All facts and inferences must be viewed in the light most favorable to the non-moving

party.  *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

(quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  The complaint of a plaintiff

proceeding *pro se* must be "liberally construed" and "held to less stringent standards than formal

pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

3

*Gamble*, 429 U.S. 97, 106 (1976)). However, "basic pleading essentials" still must be met. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

<u>Analysis</u>

The plaintiff brought this suit under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must demonstrate: (1) that he was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 does not support claims against entities based upon a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To state a claim under § 1983 against an entity, the plaintiff must establish that the entity, acting under color of state law, engaged in "*deliberate* action" that is "the 'moving force' behind the plaintiff's deprivation of federal rights." *Bryan Cnty. Bd. Of Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)).

To survive a defendant's motion for summary judgment, the plaintiff must present sufficient evidence for a jury to find in his favor. *See Tingle*, 692 F.3d at 529. Summary judgment may not be granted merely because the adverse party has not responded. *See Carver*, 946 F.2d at 455. But, when the movant has met its burden of demonstrating that there is no material factual dispute, summary judgment is appropriate. *See* Fed. R. Civ. P. 56(a).

Here, although the plaintiff's complaint was liberally construed to allege a viable claim under § 1983, the plaintiff has not affirmatively identified any policy or deliberate action on the part of CCS sufficient to sustain that claim in the face of the defendant's motion. The plaintiff alleged that the medical staff at the  provided him with too much medication (Docket Entry No. 1). In light of the unrebutted evidence that CCS, as a matter of written policy, provides

4

appropriate medications only upon the order of a physician, the plaintiff's allegation is insufficient for a reasonable jury to find a custom or policy of CCS, the entity, overmedicating patients.

The plaintiff also mentioned the death of two inmates at the Montgomery County jail that allegedly resulted from lack of medical care (*Id.* at 7). The plaintiff has not established, or even alleged, that those deaths were a result of the same custom or policy of overmedication, or that the deaths are causally related in some other way to the plaintiff's treatment. *See Rizzo v. Goode*, 423 U.S. 362, 375 (1976) (requiring a "common thread" to establish a pattern of conduct).

Even under a liberal construction of the plaintiff's complaint, the undersigned Magistrate Judge finds no evidence of a custom or policy of CCS overmedicating patients. Therefore, there is no material factual dispute regarding the liability of CCS.

<u>**Recommendation**</u>

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion for summary judgment filed on behalf of defendant Correct Care Solutions, LLC, be GRANTED and that the complaint be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 20th day of May, 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

6